27 N.J. Super. 515 (1953)
99 A.2d 666
HUNGERFORD & TERRY, INC., PLAINTIFF-APPELLANT,
v.
HARRIS D. GESCHWINDT, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided October 9, 1953.
Mr. Howard G. Kulp, Jr., argued the cause for appellant Hungerford & Terry, Inc. (Mr. Horace G. Brown, attorney).
Mr. Wilfred B. Wolcott argued the cause for defendants-appellants, Class B stockholders.
*516 Mr. Thomas M. Farr argued the cause for defendants Grace Elizabeth Hungerford Hillman, et al. (Messrs. Norcross and Farr, attorneys).
Mr. Frederick P. Greiner, guardian ad litem for Churchill Hungerford, 3rd, et al., respondents.
Before Judges EASTWOOD, JAYNE and FRANCIS.
The opinion of the court was delivered PER CURIAM.
The basic circumstances which occasioned this litigation are disclosed in the introductory portion of Judge Haneman's opinion reported in 24 N.J. Super. 385 (Ch. Div. 1953). An additional revelation of them seems needless.
The object of the action was to elicit judicial guidance for the plaintiffs in the future discharge of their fiduciary duties. According to the specific stipulations of the pretrial order the plaintiffs sought:
"1. An interpretation of the amended certificate of incorporation of Hungerford & Terry, Inc., to the end that the respective rights of A. & B. stockholders may be determined, and
2. If deemed necessary, to clarify the respective rights of the A & B stockholders whether the trustees should be directed to vote for an amendment of the certificate of incorporation."
Whether the incertitude of the plaintiffs in the existing posture of the corporation's affairs and for the present administration of the trusts entitled them to the immediate aid of the court has not been debated nor presented to us for determination on this appeal.
We have considered the propriety of the judgment under review in its responsive relationship to the definitely specified issues embodied in the pretrial order, and for the reasons expressed by Judge Haneman in the Chancery Division we affirm the judgment "construing the amendment to mean that the A stockholders are entitled, upon dissolution or liquidation, to first receive $375 per share out of the assets *517 of the corporation. Thereafter, the A and B shareholders share equally in the remaining balance." We, too, join in the recommendation that the trustees in the existing state of the corporation's affairs refrain from consenting to the proposed amendment of the certificate of incorporation. If future conditions in the welfare of the corporation reasonably suggest a departure from the present instruction, the trustees may upon such disclosure avail themselves of a further application for judicial guidance.
Affirmed.