28 N.J. Super. 459 (1953)
101 A.2d 94
PINCUS ROSENBERG, PLAINTIFF,
v.
D. KALTMAN & CO., INC., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 12, 1953.
*461 Mr. Isaac C. Ginsburg for plaintiff.
Mr. Milton Rosenkranz for defendant (Messrs. Walscheid & Rosenkranz, attorneys).
HANEMAN, J.S.C.
The complaint herein seeks a declaratory judgment under N.J.S. 2A:16-50 to declare the rights, status and legal relations of the plaintiff in connection with two certain contracts entered into between him and the defendant. The plaintiff desires to have particularly adjudicated the effect of two apparently conflicting negative covenants contained in each of said contracts.
The defendant has moved to dismiss the complaint and the plaintiff has moved for a summary judgment.
The question of whether the plaintiff's motion is premature is now academic, since under a stipulation, both motions were to be simultaneously considered by the court.
The facts in connection herewith, as elicited from the respective pleadings and affidavits filed, are as follows:
On or about July 1, 1937 plaintiff became employed by the defendant, which corporation was engaged in the wholesale drug business. On or about December 1, 1950 plaintiff became a sales supervisor for the defendant corporation in a so-called South Jersey division territory, consisting generally of the geographical sections recited in paragraph 9 of said contract. On that date he entered into a contract with the defendant corporation which provided, in part, as follows:
"(9)  It is further expressly agreed that in the event of the termination of this contract or of the employment herewith for any cause, the Employee shall not, in all the Counties in the State of New Jersey, and the counties of Philadelphia, Bucks, Montgomery, Delaware in the State of Pennsylvania and the county of New Castle in the state of Delaware enter into the Wholesale Drug Business or any branch of the Wholesale Drug Business then conducted by the Employer either as salesman, principal or agent, employer, or employee, officer, director or otherwise, directly or indirectly for a period of one year after the said termination of this contract or of the employment thereunder, or of any extensions, renewals or continuations thereof, as in the next succeeding paragraph hereof provided."
*462 Thereafter, on or about March 1, 1953 the plaintiff ceased to be a sales supervisor for defendant, but was employed by the defendant as a salesman in a less extensive territory than theretofore, and as more particularly set forth in paragraph 9 of said contract, post. On that date the said parties entered into a contract which provided, in part, as follows:
"(9)  It is further expressly agreed that in the event of the termination of this contract or of the employment herewith for any cause, the Employee shall not, in the Counties of Atlantic, Ocean and Cape May, all in the State of New Jersey, enter into the Wholesale Drug Business or any branch of the Wholesale Drug Business then conducted by the Employer either as a salesman, principal or agent, employer, or employee, officer, director or otherwise, directly or indirectly for period of one year after the said termination of this contract or of the employment thereunder, or of any extensions, renewals or continuations thereof, as in the next succeeding paragraph hereof provided."
Reduced to its simplest statement, the plaintiff now contends that the negative covenant contained in the contract of March 2, 1953 is the sole effective covenant and that the said contract of 1953 supersedes the contract of 1950 in all of its parts.
The defendant, on its motion, first alleges that this is not the type of action upon which relief can be granted under the above-cited statute, and second, takes issue with plaintiff on his construction of said contract.
N.J.S. 2A:16-50 et seq. is a remedial statute and should be liberally construed. There must be an actual controversy between the parties and the action must be adversary in character. The defendant argues that the plaintiff here has another remedy available and is seeking to "bag in advance an imminent and impending law suit." Weissbard v. Potter Drug and Chemical Corp., 6 N.J. Super. 451 (Ch. Div. 1949), affirmed 4 N.J. 115 (1950). It alleges, in effect, that if the plaintiff conceives that he is not bound by the negative covenant contained in the first of the above referred to contracts, then he should obtain employment and upon a suit by the defendant, advance the argument now affirmatively advanced, as a defense.
*463 The difficulty with sustaining such a position is self-evident upon a consideration of the plaintiff's position. It is highly improbable that with the impending threatened law suit by the defendant that he could obtain employment elsewhere and then be accorded the opportunity of properly litigating the contracts involved.
It is patent that we have in the matter sub judice concrete contested issues conclusively affecting adversary parties in interest. It is an actual and bona fide controversy vitally affecting both the plaintiff in his future employment and the defendant in the conduct of its business in the delineated territories. The very briefs and arguments of the plaintiff and defendant demonstrate that the court is not here called upon to render an advisory opinion, to decide a moot case or to function in the abstract. It is therefore here held, in the light of the above-cited statute, that a "justiciable" controversy exists that is ripe for judicial determination. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235 (1949); Weissbard v. Potter Drug & Chemical Co., supra; Hungerford & Terry v. Geschwindt, 24 N.J. Super. 385 (Ch. Div. 1953), affirmed 27 N.J. Super. 515 (App. Div. 1953).
The question of the reasonableness of the provision insofar as the period during which the plaintiff agreed not to engage or be employed in the wholesale drug business and the territory so proscribed has not been raised upon this argument. It therefore becomes necessary to consider the primary argument which involves the construction of the two contracts here involved.
The remaining issue is comparatively narrow. The plaintiff argues that the second contract is inconsistent with the first contract and therefore replaces and revokes the first contract in toto.
The general rule is that a subsequent contract covering the same subject matter and made by the same parties, but containing terms inconsistent with the former contract so that the two cannot stand together, rescinds, supersedes *464 and substitutes for the earlier contract and becomes the only agreement on the part of the parties on the subject matter. Winans v. Asbury Park N.B. & T. Co., 13 N.J. Super. 577 (Ch. Div. 1951).
It is primarily a question of the intention of the parties to be ascertained from the contracts themselves whether the earlier contract is discharged and superseded by a new contract. Lester Agricultural Chemical Works v. Selby, 68 N.J. Eq. 271 (Ch. 1904); Magna Mfg. Co., Inc. v. Aetna Casualty, &c., Co., 129 N.J. Eq. 142 (Ch. 1941); 17 C.J.S., Contracts, § 394, page 885; 6 Williston on Contracts, p. 5170.
The terms of the second contract must be so inconsistent with those of the former contract that they cannot stand together. 12 Am. Jur. 1013. The parties may or may not, at the time of the execution of the second contract, agree to rescind all of the other provisions of the earlier contract. Whether they do this is a question of interpretation. Restatement of the Law, Contracts, sec. 408.
It must be conceded that the two contracts here involved were made by the same parties. Plaintiff argues that there was an identity of subject matter, i.e., the employment of the plaintiff. He contends that this inconsistency in his employment status under the two contracts serves to revoke all the provisions of the first contract, including the negative covenant. Such a conclusion is erroneous.
The employment in the first instance was as a sales supervisor and in the second instance as a salesman. The territory allotted to the plaintiff in the first contract was far greater in extent than the territory allotted to him in the second contract.
Had the defendant continued the original provision against competitive employment in the second contract it might well have invalidated the entire covenant as being unreasonable in extent, since the proscribed territory would not then have been coextensive with that in which plaintiff was actually employed as a salesman. The mere fact that under the later contract the plaintiff was prevented from competing in only *465 a portion of the territory described in the negative covenant of the first contract does not, in and of itself, demonstrate that the parties intended to revoke the prior provision. The two covenants could have a concurrent existence, the first and greater to expire by its own terms one year after the date of plaintiff's termination of employment as sales manager, and the second, one year after the termination of his employment as a salesman. If there were any reasonable basis for defendant to require this protection in the original contract for one year after the termination of employment thereunder by reason of complete disaffiliation of the plaintiff with the defendant, there is no sound reason for imputing an intent to waive such protection from the fact that although the employment in one capacity was terminated, the plaintiff continued to be affiliated with the defendant in a limited capacity and in a limited territory.
If the rationale of the plaintiff's argument were to be followed, the plaintiff would have been free the day after the termination of his employment as a sales manager and his re-employment as a salesman to have competed in the greater territory where he had functioned as a manager or supervisor. It would seem that the answer to such a suggestion is found in the mere statement of such a hypothesis.
The terms of the two covenants are not so inconsistent that they cannot stand together.
In addition, it is to be noted that the first contract provided in express language "it is further expressly agreed that in the event of the termination of this contract or of the employment herewith for any cause * * *," that then the said plaintiff should not engage in the wholesale drug business in the described territory. Patently, the execution of the second contract and the employment of the plaintiff as a salesman terminated his employment as a sales supervisor and the provisions of paragraph 9 of the original contract thereupon became operative. The express words here employed meant "for whatever reason" the employment was terminated. A. Fink & Sons v. Goldberg, 101 N.J. Eq. 644 (Ch. 1927).
*466 It therefore follows, from the precise phraseology of the covenant itself, that the plaintiff's contention is without merit, and that the very verbiage of the covenant not only showed an intent not to revoke the litigated clause of the first contract, but actually caused, by the signing of the second contract, a termination of the employment of plaintiff, and the genesis of the negative covenant contained in said first contract.
It is therefore here held that it was not the intention of the parties that that portion of the second contract describing the territory in which the negative covenant was to operate superseded that portion describing the territory in the prior contract.
Judgment will be entered accordingly for defendant on its motion.