686 A.2d 1197

CHARLES A. AND DOLORES C. SABINO, PLAINTIFFS–RESPONDENTS, v. DIRECTOR, DIVISION OF TAXATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1996—Decided December 27, 1996.

Before Judges KING, KEEFE and CONLEY.

*Joseph Fogelson,* Deputy Attorney General, argued the cause for appellant (*Peter Verniero,* Attorney General, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Mr. Fogelson,* on the brief).

*Kenneth J. Norcross* argued the cause for respondents (*Pitney, Hardin, Kipp & Szuch,* attorneys; *Mr. Norcross* and *Mark H. Daaleman,* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

The State appeals paragraphs one and three of a Tax Court declaratory judgment entered March 10, 1995 and based upon a written opinion reported at 14 *N.J.Tax* 501 (Tax 1995) construing the "standard for deductibility" under *N.J.S.A.* 54A:5–1b for determining net partnership income. We reverse and remand.

Paragraph one of the order declares that "[t]he standard for deductibility of a partnership expense is the standard set out in *N.J.S.A.* 54A:5–1b; that is, whether the expense was paid or

incurred in the course of the business, profession or other activity of the partnership" and paragraph three declares "[e]xample 7 of [*N.J.A.C.* 18:35–1.14(c)(8) ] is void and of no further force and effect." [1] Pertinent to the issues before us, the disputes between the Director of the Division of Taxation (Director) and the taxpayer arise in the context of the taxpayer's 1985 New Jersey gross income tax return which included a calculation of net income received by the taxpayer from his partnership. In that calculation, the taxpayer had deducted his proportionate share of certain contributions made by the partnership to various organizations and reported by the partnership for federal tax purposes as a § 170 expense.[2] There is no dispute that the taxpayer took that deduction on his individual federal tax return. There is also no dispute that the New Jersey gross income tax law does not permit a separate deduction for charitable contributions. Nonetheless, the taxpayer asserted that in fact his proportionate share of the partnership contribution should be deducted from his partnership income in arriving at his net income therefrom pursuant to *N.J.S.A.* 54A:5–1b.

*N.J.S.A.* 54A:5–1b refers to the net income from the operation of a business "after provision for all costs and expenses incurred in the conduct thereof. . . ." Based upon its existing regulation and "long-standing" practice, the Director rejected the taxpayer's position. In this respect, *N.J.A.C.* 18:35–1.14(c)(3) requires partnerships to determine their net profits "in the same manner an

---

[1] In pertinent part, example 7 illustrates the nondeductibility of certain contributions made by a partnership and reported for federal tax purposes as an Internal Revenue Code § 170 (26 *U.S.C.A.* § 170, hereinafter referred to as § 170) charitable contribution. It also illustrates the proper treatment of other items, such as unreimbursed expenses not involved in this appeal.

[2] Under the provisions of § 170, payments of charitable contributions are deductible, subject to certain percentage limitations set out in § 170(b), against an individual taxpayer's adjusted gross income. The term "charitable contribution" is defined at § 170(c) to include, in general, payments made within the taxable year to corporations, organizations, trusts and foundations which themselves enjoy an exemption from federal income taxation.

individual taxpayer determines his or her 'net profits from business' pursuant to *N.J.A.C.* 18:35–1.25 . . . ." *N.J.A.C.* 18:35–1.25(c) provides that "[n]o deduction shall be allowed for any expense or loss which is not incurred in the *ordinary course* of the conduct of the taxpayer's trade or business." (Emphasis added). Thus, in his final determination of December 15, 1992, the Director concluded that the contributions here, reported by the partnership for federal purposes as § 170 charitable contributions and not as ordinary business expenses under Internal Revenue Code § 162 (26 *U.S.C.A.* § 162, hereinafter referred to as § 162 [3]), were not deductible ordinary business expenses.

Moreover, because the expenses were reported for federal purposes as other than ordinary business expenses, that is as § 170 charitable contributions, the Director rejected the taxpayer's efforts to demonstrate that such contributions, in fact, were ordinary business expenses. *See A.P. Smith Mfg. Co. v. Barlow,* 13 *N.J.* 145, 154, 98 *A.2d* 581 (1953) ("modern conditions require that corporations acknowledge and discharge social as well as private responsibilities as members of the communities within which they operate. . . . [I]ncidental to their proper objects and

---

[3] § 162 provides in part:

(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and

(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. . . .

(b) Charitable contributions and gifts excepted.—No deduction shall be allowed under subsection (a) for any contribution or gift which would be allowable as a deduction under section 170 were it not for the percentage limitations, the dollar limitations, or the requirements as to the time of payment, set forth in such section. . . .

in aid of the public welfare [is] the power of corporations to contribute corporate funds ... in support of academic institutions.... [S]uch expenditures may ... be justified as being for the benefit of the corporation; indeed ... the matter may be viewed strictly in terms of actual survival of the corporation in a free enterprise system."). The Director, thus, issued a final determination assessing a tax deficiency assessment.[4]

Ultimately, after the taxpayer had filed a complaint with the Tax Court challenging the assessment, the Director withdrew the final determination. In addition, amendments to the critical regulations were proposed. Notice of these amendments was published in 47 *N.J.R.* 475–479 (February 6, 1995).[5]

Although the dispute over the particular deductions involved in the deficiency determination as to the taxpayer's 1985 return was, thereby, rendered moot, the Tax Court determined that both the "[t]axpayers and the Director continue to have 'genuine' disagreement regarding [t]axpayers' reporting responsibilities under *N.J.S.A.* 54A:5–1 [*et seq.*] and the Director's regulations ... as to the contributions." 14 *N.J.Tax* at 512. Because we believe the Tax Court erred substantively, we do not address whether it should have simply dismissed the complaint as moot. Our silence on this issue, however, does not necessarily reflect agreement with the Tax Court's denial of the Director's motion to dismiss on this ground.

---

[4] The total deficiency assessment was $469.71, including penalties and interest. This amount encompassed not only the charitable contributions that were disallowed but other deductions as well, in particular certain deductions the taxpayer had taken for unreimbursed business expenses. The dispute between the parties over these unreimbursed expenses was also before the Tax Court and part of the declaratory judgment concerns them. The Director has not appealed those aspects of the judgment and we do not consider them.

[5] No action, apparently, has yet been taken on these proposed amendments. We have some sense that the regulatory process has been held in abeyance in hopes that the courts would resolve the issues.

Critical to the issues before us, the dispute that the Tax Court deemed appropriate for declaratory judgment concerned "the standard for deductibility" under *N.J.S.A.* 54A:5–1b for the purposes of determining reportable net income from a business. In particular, and as phrased by the Tax Court: "[m]ust [t]axpayers demonstrate that the contributions were 'ordinary and necessary' expenses of the partnership's business, or merely that they were 'incurred in the conduct of the partnership's business'?"[6]  14 *N.J.Tax* at 512.

*N.J.S.A.* 54A:5–1b defines net profits from business as:

net income from the operation of a business, profession, or other activity after provision for all costs and expenses incurred in the conduct thereof, determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes....

Viewing this language literally, and in answering the question posed on the issue for declaratory judgment, the Tax Court agreed with the taxpayer's contention, renewed here, "that the phrase 'all costs and expenses' as it is used within *N.J.S.A.* 54A:5–1b, was held by the Supreme Court in *Smith* [*v. Director, Division of Taxation,* 108 *N.J.* 19, 527 *A.2d* 843 (1987) ] to mean just that; that is, that the 'ordinary and necessary' standard for deductibility borrowed by the Director from Federal law must be rejected in favor of the following—'was the expense incurred in the conduct of the partnership's business'?"  14 *N.J.Tax* at 513.

We think the Tax Court misread *Smith* and, thus, erroneously accepted the taxpayer's position. We, moreover, are of the view that the appropriate issue is actually twofold. The first inquiry is whether the Legislature intended the phrase "all costs and expenses" to mean, literally, all and any costs and expenses without limitations. Depending upon the answer, the second inquiry is whether and to what extent the Director may promulgate regula-

---

6 We note that the presently existing regulation incorporates a standard of ordinary business expenses. The Director's proposed regulations use the term "ordinary and necessary" and all of his legal arguments before both us and the Tax Court refer to the term "ordinary and necessary."

tions implementing and fleshing out that phrase within the confines of his broad regulatory powers. *See N.J.S.A.* 54A:9–17(a).

The answer to the first inquiry has already been provided by *Smith* and it is not what the Tax Court concluded. In *Smith,* Justice Garibaldi said: "[t]he Legislature intended that all income, including gains and dividends, realized by a partnership *in the ordinary course of its business* be taxed...." 108 *N.J.* at 34, 527 *A.2d* 843 (emphasis added). In emphasizing the limits of its decision and its focus upon "ordinary" business expenses, the Court observed: "[h]ere, business expenses incurred by a partnership in the ordinary course of its business are being applied against that partnership's income, also earned in the ordinary course of its business. No business expenses are being applied against income derived from an unrelated source." *Id.* at 31, 527 *A.2d* 843.

Thus, just as all business income does not mean all "ordinary" business income, neither do all business expenses connote all "ordinary" expenses. This qualification of what costs and expenses are deductible under *N.J.S.A.* 54A:5–1b in arriving at the net income of a business is implicit in the express provision that such costs and expenses are those "incurred in the conduct" of the business. Facially, then, the Tax Court erred in its reading of *Smith* and, thus, in its interpretation of *N.J.S.A.* 54A:5–1b. "[A]ll costs and expenses" are not deductible simply because the business incurred them. They must be "ordinary" business expenses. That is precisely what the present regulation requires.

We note the Director's emphasis now, and in his proposed regulations, upon the term "ordinary and necessary." Whether "ordinary" expenses within the meaning of *Smith* is the equivalent of "ordinary and necessary" was not addressed by the Tax Court and not posed by the parties here. We decline to resolve that on our own. But what we do decide is that the Tax Court erred in its conclusion that "all costs and expenses" as used in *N.J.S.A.* 54:5–1b means, virtually, any and all expenses of a business, whether related or unrelated to the conduct of that business.

The second inquiry then becomes whether the Director's regulation reasonably implements *N.J.S.A.* 54A:5–1b as construed by *Smith*. As to that we are not inclined to express a view. Not only is the critical regulation in the process of being amended, but this issue was not addressed by the Tax Court beyond its view that the regulation was invalid. We think the issue should, in the first instance, be decided by the Tax Court.

Moreover, as to charitable contributions, we also decline to consider the proposed regulations' presumptive reliance upon a taxpayer's designation of expenses on the federal return as § 170 or § 162 expenses. We make the following observations, however. In the course of the Tax Court's decision, the following language from *Smith* was quoted in the context of the court's analysis of *N.J.S.A.* 54A:5–1k [7] and its rejection of the Director's efforts to incorporate the federal tax provisions:

> "We disagree that the Legislature patterned the ... Gross Income Tax Act on the Internal Revenue Code.... No evidence has been presented that the Legislature intended to equate 'distributive share' ... or ... 'income' and 'gain' with analogous terms used in the Internal Revenue Code. Moreover, when the Legislature intended to incorporate federal income tax concepts, it did so explicitly.... The Act's legislative history clearly indicates that the Legislature intended to and did reject the federal income tax model in favor of a gross income tax act in order to avoid tax loopholes under federal law. Since the Legislature rejected the federal model of taxing income, other branches may not superimpose the Code upon the Gross Income Tax Act in the guise of statutory construction."
>
> [14 *N.J.Tax* at 514 (quoting *Smith, supra,* at 32–33, 527 *A.2d* 843) (citations omitted)].

What the Tax Court left out of this quote was rather critical as to *N.J.S.A.* 54A:5–1b. The Court in *Smith* said:

> No evidence has been presented that the Legislature intended to equate "distributive share" with "distributive share of partnership income" or to equate "income" and "gain" with analogous terms used in the Internal Revenue Code. Moreover, when the Legislature intended to incorporate federal income tax concepts, it did so explicitly. *For example, N.J.S.A. 54A:5–1b provides that net profits from business be determined in "accordance with the method of accounting allowed for federal tax purposes."*
>
> [108 *N.J.* at 33, 527 *A.*2d 843 (emphasis added).]

---

[7] *N.J.S.A.* 54A:5–1(k) simply lists "distributive share of partnership income" as reputable net business income within the scope of *N.J.S.A.* 54A:5–1.

The thrust of this *dicta* would indicate that the reference to "the method of accounting allowed for federal tax purposes" in *N.J.S.A.* 54A:5–1b does incorporate the federal tax structure, including the dichotomy between § 170 and § 162, and the distinction therein between § 170 charitable contributions and § 162 "ordinary" business expenses.[8] *And see Walsh v. State, Dept. of the Treasury, Div. of Taxation,* 10 *N.J.Tax* 447, 462 (Tax 1989), *aff'd o.b.,* 240 *N.J.Super.* 42, 572 *A.*2d 222 (App.Div.1990); *Baldwin v. Director, Div. of Taxation,* 10 *N.J.Tax* 273 (Tax 1988), *aff'd,* 237 *N.J.Super.* 327, 567 *A.*2d 1021 (App.Div.1990). *But see Estate of Guzzardi v. Director, Division of Taxation,* 15 *N.J.Tax* 395 (Tax 1995), *aff'd,* —— *N.J.Tax* —— (Tax 1996).

Suffice it to say, whether and to what extent the reference to the "method of accounting allowed for federal income tax purposes" reflects legislative intent to incorporate more of the federal tax structure than what ordinarily might be considered accounting methods, and whether it is a reasonable exercise of regulatory authority to so incorporate in implementing the "ordinary" business loss and expense provision of *N.J.S.A.* 54A:5–1b as construed by *Smith,* is not before us. This is so because the Tax Court did not address this issue beyond the confines of its faulty reading of *Smith.*

The issue is fraught with complexities and should be resolved at the Tax Court level. It is our perception that the Director has on occasion relied upon the federal taxing principles and on other occasions not. Compare the position he has taken before us and his position in *Guzzardi, supra,* ("[t]he Director responds . . . that the reference to federal income tax accounting methods in *N.J.S.A.* 54A:5.1c goes no further than permitting the use of

---

[8] The State tells us, however, in its brief that

[n]ot all payments to [charitable] organizations are "contributions" that are deductible for [federal income tax] purposes as IRC § 170 "charitable contributions," some are instead deductible as IRC § 162 ordinary and necessary business expenses.

federal accounting methods," and not the incorporation of the substantive provision of the Code relating to gains and expenditures.). It is also our perception that the issue becomes further complicated and less clear when it is pursued in a vacuum, that is outside of the context of a particular dispute. It is more complicated here because the underlying regulatory framework is in the process of change.

At the very least we do not think we should resolve any more than we have. That is to say, *N.J.S.A.* 54A:5.1b encompasses "ordinary" business losses and expenses. It does not permit deduction of any and all losses and expenses incurred by the business. We remand to the Tax Court the issues of whether "ordinary" business expenses is the equivalent of "ordinary and necessary," whether the proposed regulations are an appropriate exercise of the Director's rule-making authority, and whether the Director may, as to charitable contributions, conclusively rely upon the federal return of the partnership, *cf. AT & T Co. v. Director, Div. of Taxation,* 13 *N.J.Tax* 534, 544 (Tax 1993) (the Legislature "did not intend, nor did it allow, taxpayers to elect one tax option for federal income tax purposes and another tax option for the State tax purposes.... Absent a specific statutory provision, taxpayers cannot vary from their federal elections."). In doing so, we observe that nothing we have here said would prevent the Tax Court from, on remand, declining to exercise further jurisdiction in light of the absence of any real dispute between the taxpayer and in light of the pendency of the proposed amendments to the critical regulatory provisions.

Finally, as to those amendments, we urge the Director to consider promulgating a mechanism, applicable to reported § 170 partnership charitable contributions, that would allow the taxpayer to rebut the presumption (irrebuttable under the proposed regulations) that such contributions are not ordinary business expenses. We note, in this respect, that such a mechanism has been proposed in the amendments as to unreimbursed expenses. Aside from the Director's claims that such a procedure would be

too difficult to administer, we do not fully understand why a similar mechanism could not be fashioned for contributions federally reported as § 170 expenses yet which might well be "ordinary" business expenses. In this respect, we note the Court's rejection in *Smith* of the Director's administrative simplicity and convenience contentions. *Smith, supra,* 108 *N.J.* at 33, 527 *A.*2d 843.

Reversed and remanded. We do not retain jurisdiction.