SMALL, J.T.C.
Plaintiffs-taxpayers, John and Kathleen Dantzler, dispute the assessment imposed by defendant, Director, Division of Taxation (“Director”) for additional gross income tax for the year 1992. N.J.S.A. 54A:1-1 to :9-27. Eight issues are presented for determination:
1. Are certain political expenses of Mr. Dantzler’s law partnership deductible from his taxable distributive share of partnership income?
2. Are certain miscellaneous expenses of Mr. Dantzler’s law partnership deductible from his taxable distributive share of partnership income?
3. Are certain medical insurance expenses of Mr. Dantzler’s law partnership deductible from his taxable distributive share of partnership income?
4. Are certain noiir-lOKk) pension contributions of Mr. Dantzler’s law partnership deductible from his taxable distributive share of partnership income?
5. Is interest on a loan a personal expense or a deductible business expense, when the funds were borrowed so that Mr. Dantzler could make his capital contribution to the partnership?
6. Are FICA (social security) taxes paid by Mr. Dantzler deductible expenses, or are they a tax on income under N.J.S.A 54A:5-1(b), which are specifically not deductible?
7. Can Mr. Dantzler deduct the loss on the sale of one residence fi’om the gain on the sale of another residence?
8. What is the proper credit calculation for taxes paid to California under N.J.S.A. 54A:4-1?
*493 The amounts involved are not substantial, and the matter submitted to the court does not involve a calculation of the specific amounts which will be made after the court renders its determination. R. 8:9-3 and -4. The facts are not substantially in dispute and were presented to the court by stipulation of facts, certifications, and a brief trial. For purposes of this litigation, the Director does not dispute the asserted facts. Thus, the dispute in this case is about the legal consequences of undisputed facts. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995).
The initial deficiency assessment against the plaintiffs was $3,037. Plaintiffs made a partial payment of $1,200, on April 26, 1996, to take advantage of the Tax Amnesty Program then in effect. The parties have agreed that all that is at stake in this case is plaintiffs’ right to reduce the remaining $1,837 assessment ($3,037 assessment less $1,200 payment). The Director has further agreed that there will be no penalties assessed and that interest will be assessed on whatever portion of the $1,837 assessment is upheld.
In 1992, Mr. Dantzler was a partner with an approximate 1.5% interest in a partnership practicing law in New York, New Jersey, and other states and foreign countries (the “Partnership”). Mr. Dantzler was named in the firm’s federal Form 1065 (partnership income tax return) as the tax matters partner. The Partnership’s financial affairs were directed by a full-time director of finance and a large staff. The Partnership filed a federal Form 1065 which listed more than $70 million in expenses. That form included a Schedule K-l which showed, among other items, Mr. Dantzler’s ratable share of partnership expenses. The federal Schedule K-l was filed as a part of Mr. Dantzler’s New Jersey gross income tax return.
The Partnership timely filed a copy of its Form 1065 with the Director. The Director has not audited the Form 1065 of the Partnership or otherwise contacted the Partnership with respect to its 1992 New Jersey income tax filings.
*494 In accordance with the partnership agreement, Mr. Dantzler was obligated to provide approximately 1.5% of the Partnership’s capital. More than seventy-five other persons were partners in the Partnership. In accordance with the relevant partnership agreement, these partners were entitled, in the aggregate, to the remaining profits of the Partnership and were required to provide the remaining capital of the Partnership. 'Mr. Dantzler’s interest in the Partnership was sufficiently small that he was not in a position, either legally or practically, to shift personal expenditures to the Partnership or otherwise to cause the partnership to incur any expenses which were not in the ordinary and regular course of its business.
The Partnership was engaged at all times, among other things, in an extensive public finance law practice. The Partnership made a wide variety of payments that it characterized as “political contributions” described in IRC § 162(e)(1)(B). As indicated on Mr. Dantzler’s K-l, the Partnership allocated $1,149 of such payments to him.
On the Form 1065, the Partnership characterized certain items as miscellaneous and non-deductible for federal income tax I (“FIT”) purposes. As indicated on Mr. Dantzler’s K-l, the Partnership allocated $564 of such items to him.
The Partnership maintained a defined contribution plan for the benefit of its eligible partners and staff (the “Plan”). The Plan was a single plan with hundreds of participants and had both a 401(k) portion and a non-401(k) portion. Participation in the non-401(k) portion of the Plan was not voluntary and was required of all eligible partners and staff. Individual contributions by a participant to his account in the non-401(k) portion of the Plan were not allowed. The Partnership made contributions to the accounts maintained in the non-401(k) portion of the Plan for the Plan’s participants (eligible partners and staff). Each such contribution to an account for a participant was based on a specified percentage of his or her allowable compensation, subject to applicable FIT laws. The Partnership made a contribution to the Taxpayer’s account in the non-401(k) portion of the Plan of *495 $11,731 (the “Pension Payment”). The adoption of the Plan by the Partnership was subject to considerable controversy within the Partnership, with a fair number of partners viewing contributions to the Plan as expensive and unwise partnership expenditures.
As indicated on Mr. Dantzler’s K-l, the Partnership allocated $2,534 of medical insurance expense (the “Medical Insurance Expense”) to him. It is not known whether, or to what extent, the Medical Insurance Expense represents actual expenditures of the Partnership, and if so, how and to what extent, those expenditures related to Mr. Dantzler. The Partnership’s Form 1065 allocated the exact same amount of medical insurance expense (pro-rated in the case of one partner who died during 1992) to all but eleven partners of the Partnership, even though the Partnership included partners who were married and single, who had dependent children and did not have dependent children, and who had and did not have spouses with family insurance coverage. Five of the remaining eleven partners received lesser allocations, and six received no allocation at all. Plaintiffs paid $5,720 of medical insurance premiums, a portion of which ($4,360) were paid by the Partnership on behalf of plaintiffs with funds that the Partnership would otherwise have distributed as cash to Mr. Dantzler the Taxpayer or added on his behalf to his capital contributed to the Partnership. Pursuant to IRC §§ 162(1) and 213, plaintiffs deducted 25% of such payments on their FIT return. Plaintiffs did not attempt to deduct such $5,720 of payments on their 1992 New Jersey GIT return and do not now seek to deduct them.
In accordance with the partnership agreement, Mr. Dantzler was required to provide capital to the Partnership in an amount equal to the Partnership’s total required capital multiplied by his approximate 1.5% interest in the profits and losses of the Partnership. Prior to approximately May 1992, Mr. Dantzler borrowed from the Partnership the amount necessary to satisfy his required provision of capital to the Partnership. He paid interest on such loan (the “Partnership Loan”) to the Partnership. After approximately April 1992, Mr. Dantzler borrowed from Citibank the funds required to repay the Partnership Loan, and Citibank paid those *496 funds on Mr. Dantzler’s behalf directly to the Partnership in repayment of the Partnership Loan. The Partnership facilitated this loan by Citibank to Mr. Dantzler (the “Citibank Loan”) by, among other things, guaranteeing the repayment thereof. During 1992, interest on the Citibank Loan was paid to Citibank on behalf of Mr. Dantzler by the Partnership. With respect to all of 1992, the Partnership withheld an aggregate of $597 (the “Capital Loan Interest”) as payments of interest on the Partnership Loan and the Citibank Loan. These amounts would otherwise have been distributed in cash to Mr. Dantzler or added on his behalf to his capital contributed to the Partnership. The Partnership did not account to him for the calculation of the interest payments.
Mr. Dantzler paid $10,658 of federal self-employment tax (the “FICA Tax”) as a result of his being a partner in' the Partnership.
Plaintiffs realized a gain of $14,058 from the sale of their residence in Sussex County, New Jersey. The Sussex County residence was purchased by them in 1984. In addition, Mr. Dantzler realized gains of $1,181 from the sale of securities and as his share of the Partnership’s gains from the sale of property. Accordingly, plaintiffs realized total gains from the sale of property of $15,239. Plaintiffs realized a loss of $25,992 from the sale of the residence in Maplewood, New Jersey. The Maplewood residence was purchased by them in 1987. The Sussex County and Maplewood residences were used by plaintiffs as their dwelling places and were never rented or leased to others.
On their California income tax return, plaintiffs claimed $1,067 of deductions, constituting the California allocable amounts of the FICA Tax, the Medical Insurance Expense, and the Pension Payment. In claiming the credit for taxes paid to California, plaintiffs did not deduct these amounts from the numerator of the credit fraction. Director claims they should have been excluded as they were not taxed in California but were taxed in New Jersey.
For the reasons expressed below, I have determined that:
1. The political contributions are not deductible.
*497 2. The miscellaneous expenses are not deductible.
3. The pension contributions are deductible to the extent they are for all partners and employees, but those expenses which are specific to Mr. Dantzler are only deductible subject to New Jersey GIT limitations on personal deductions for pension contributions.
4. The medical insurance premiums are deductible to the extent they are for all partners and employees, but those expenses which are specific to Mr. Dantzler are only deductible subject to New Jersey GIT limitations on personal deductions for medical expenses.
5. The interest on the loan is deductible.
6. The FICA payments are not deductible.
7. The personal loss on the sale of a residence is not deductible.
8. The credit calculations with respect to California income taxes should be made by deducting the expenses that were not subject to tax in California from the numerator of the credit fraction and not deducting them from the denominator of the credit fraction (representing income taxed in New Jersey).
I.
The Disputed Partnership Deductions
(Political payments, miscellaneous expenditures, pension payments and medical insurance)
A.
Necessity of Auditing the Partnership
Initially, plaintiffs argue that, not having audited the Partnership tax return which was Sled with the Division of Taxation, the Director is barred from making assessments against them with respect to their distributive share of Partnership income.
There is no support in the law for plaintiffs’ argument that, absent a Partnership audit, the partners may not be audited. Mr. *498 Dantzler cannot dictate the method by which he will be audited. The Director is not barred from auditing an individual partner’s tax return with respect to his or her distributive share of partnership income. Partnerships do not pay tax in New Jersey; they are pass-through entities, and it is only each individual partner’s distributive share of partnership income which is taxable under the gross income tax.
B.
General Principles
Initially, two principles of tax law must be stated:
1. Exemptions from taxation are the exception, rather than the rule. New Brunswick v. Rutgers Community Health Plan, Inc., 7 N.J.Tax 491, 498 (Tax 1985); Princeton University Press v. Princeton Bor., 35 N.J. 209, 214, 172 A.2d 420 (1961).
2. Accordingly, the burden of proof that a taxpayer is entitled to an exemption or deduction is on the taxpayer. Princeton University Press, supra, 35 N.J. at 214, 172 A.2d 420.
The fundamental issue raised by the claimed partnership deductions is whether items which are not normally deductible on an individual GIT return in New Jersey become deductible as the pass-through from a partnership or sole proprietorship when they are ordinary business expenses in coimection with those pass-through entity enterprises. For example, the Director previously took the position that charitable contributions of a partnership were not deductible in calculating a partner’s share of partnership distributive income. The Director has changed that position. See Sabino v. Director, 14 N.J.Tax 501, 509-12 (Tax 1995), rev’d, 296 N.J.Super., 269, 686 A.2d 1197 (App.Div.1996), on remand 17 N.J. Tax 29 (Tax 1997). In this case, the Director has specifically allowed charitable deductions.
Unlike the Internal Revenue Code which taxes income from whatever source, IRC § 61, the New Jersey Gross Income Tax imposes a tax on specific categories of income. N.J.S.A 54A:5-1. *499 Most relevant to this case are the distributive share of partnership income, N.J.S.A. 54A:5-1k, and the net profits from business which are defined as:
The net income from the operation of a business, profession or other activity after provision for all costs and expenses memred m the conduct thereof, determined either on a cash or accrual basis m accordance with the method of accounting-allowed for federal income tax purposes but without deduction of the amount of:
(1) taxes based on income
[At/.S.A 54A:5-l(b). (emphasis added) ]
The Director, N.J.A.C. 18:35 — 1.3(c)(1). and our Supreme Court, Smith v. Director, Division of Taxation., 108 N.J. 19, 28-29, 527 A.2d 843 (1987), have concluded that the method for calculating income of a business specified by N.J.S.A. 54A:5-1 (b) is the method to be used for calculating distributive shares of a partnership under N.J.S.A. 54A:5-l(k).
In Sabino v. Director, Division of Taxation, 296 N.J.Super., 269, 686 A.2d 1197 (App.Div.1996), reversing and remanding 14 N.J.Tax 501 (Tax 1995), the Appellate Division held that the term “all costs and expenses” in the above-quoted statute means “ordinary business expenses.” 296 N.J.Super. at 275, 686 A.2d 1197, relying on Smith v. Director, Division of Taxation, Supra. In Sabino, the Director had denied a partner’s deduction for charitable contributions made by a partnership because the gross income tax had no provision for deducting charitable contributions. Ultimately, the Director changed his position, allowing the charitable contribution because it was deemed an ordinary business expense, even though, for federal income tax purposes, it was classified as a charitable contribution which, when passed through to the partners, was subject to certain limitations as to deductibility under IRC § 170 (the individual’s right to deduct charitable contributions has restrictions different from those applicable to his right to deduct ordinary and necessary business expenses under IRC § 162).
In this case, the four classes of partnership deductions disputed by the Director — (1) the political contributions, (2) the miscellaneous expenses, (3) the pension contributions, and (4) the medical insurance premiums — were listed separately on the federal K-l *500 form (partner’s share of distributive income), because, for various federal income tax reasons, they were either not deductible (the political contributions), or they were subject to special federal limitations (the medical insurance premiums). The Director takes the position that those federal characterizations must be maintained for New Jersey Gross Income Tax reporting purposes, and, since they are not allowed as specific New Jersey Gross Income Tax deductions, they are not deductible. Mr. Dantzler, in line with Sabino, argues that they are ordinary business expenses and deductible, and, as the Tax Court said in its remand opinion in Sabino, “[deductible items will be those which are Tegular’ and ‘ordinary.’ More precision in definition must come when (and if) cases with specific facts arise.” Sabino v. Director, Div. of Taxation, 17 N.J.Tax 29, 43 (Tax 1997). In this case, four new sets of specific facts arise. “Business costs or expenses, which relate to business income exempt from tax under the Gross Income Tax Act, or which are partly or wholly nondeductible for Federal income tax purposes, may be deductible ordinary business costs or expenses under the Gross Income Tax Act.” N.J.A.C. 18:35-1.1(d)(3). And see Sabino v. Director, supra, 296 N.J.Super. at 276-77, 686 A.2d 1 97.
There can be no question that certain ordinary expenses of a business, not individually deductible under the New Jersey Gross Income Tax, are deductible by a partnership in calculating its distributive share of partnership income. Both Smith and Sabino established that principle. There can be no question that, in a modern business, just like charitable gifts, gifts to clients and travel expenses, political contributions, miscellaneous expenses, pension contributions for employees, and medical insurance premiums are ordinary business expenses. Under the facts in the ease, I must determine which, if any, of these categories of deductions, are allowable to Mr. Dantzler.
C.
Political Contributions
Under IRC § 162(e)(1)(B), political contributions are not deductible under any circumstances. In the municipal bond busi *501 ness, “pay to play” is common knowledge. Had Mr. Dantzler demonstrated some specific nexus between the political contributions and the business of the Partnership, they might be allowed as ordinary expenses. New Jersey’s GIT has no specific prohibitions on deductions for ordinary expenses which happen to be political contributions. (Under the Corporation Business Tax Act, which follows the Internal Revenue Code, such political contributions would not be deductible.) Although there may be a policy reason for not allowing political contributions as deductions, that policy is not a part of the New Jersey Gross Income Tax Act. Nevertheless, I find in this case that Mr. Dantzler has not demonstrated the necessary nexus between the Partnership’s political contributions and its municipal finance business. These contributions could be for other purposes, and I will disallow them.
N.J.S.A. 54A:5-l(e) provides that, under the New Jersey Gross Income Tax, federal accounting methods are to be used. Although that term has been interpreted broadly by New Jersey courts, it has. not been read so broadly as to mandate the identical tax treatment of New Jersey and federal tax attributes of income and expenses. See, generally, Koch v. Director, Division of Taxation, 157 N.J. 1, 722 A.2d 918 (1999), and cases cited at pages 9-13, 722 A.2d 918.
Mr. Dantzler argues that there should be “parallelism” between the federal income tax and the gross income tax. That argument is not supported by the statutes which govern these two taxes. There are distinct differences. For example, the federal statute taxes all income, IRC § 61; the New Jersey statute taxes only specific categories of income. N.J.S.A. 54A:5-1. The federal statute allows for more specific deductions; the New Jersey statute only provides for a limited number of deductions. IRC §§ 151 to 249; N.J.S.A. 54A:3-1 to :3-4. The federal statute allows for losses in some categories to be deducted from income in other categories. IRC § 165. The New Jersey statute does not. N.J.S.A. 54A:5-2. The issue of to what extent the New Jersey gross income tax adopts specific principles of federal tax law— beyond mere accounting — is one of constant debate. See Smith, supra, Guzzardi v. Director, Division of Taxation, 15 N.J.Tax 395 *502 (Tax 1995), aff’d, 16 N.J.Tax 374 (App.Div.1996), and Baldwin v. Director, Division of Taxation, 10 N.J.Tax 273 (Tax 1988), aff’d o.b. per curiam, 237 N.J.Super. 327, 567 A.2d 1021 (App.Div.1990). I find no support for the proposition that the gross income tax forbids the deduction of political expenses as does IRC § 162(e). However, under the gross income tax, a partnership expense must be a cost or expense “incurred in the conduct” of the partnership business. N.J.S.A. 54A:5-lb. In this case, there is no adequate proof to link the political contributions to the conduct of' the Partnership’s business.
D.
Miscellaneous Expenses
With respect to the miscellaneous expenses (not deductible for federal purposes), I am uncertain, as was Mr. Dantzler, exactly what they were, and why they were not deductible for federal purposes. Although it is accepted accounting practice to have some small portion of income and expenses classified as “miscellaneous,” absent some proof of them nature, I cannot determine whether they are or are not deductible, and thus must deny them as deductions. The burden of proof on Mr. Dantzler to prove their deductibility has not been met.
E.
Pension and Medical Expense Deductions
N.J.S.A. 54A:6-21 provides:
Gross income shall not include amounts contributed by an employer on behalf of and at the election of an employee to a trust which is part of a qualified cash or deferred arrangement which meets the requirements of section 401(lc) of the 1954 Internal Revenue Code,... as amended.
[Emphasis added.]
Exclusions from income being narrowly construed, the Director's position, that contributions to federally qualified plans other than 401(k) plans are not excludable from gross income, has been upheld by this court and the Appellate Division. Mutch v. Division, 9 N.J.Tax 612 (Tax 1988), aff’d, 11 N.J.Tax 87 (App.Div.1989).
*503 With respect to the pension and medical expense deductions, to the extent that they are for all of the partners and employees of the Partnership, they will be allowed. To the extent that they represent specific premiums or contributions for Mr. Dantzler, he may deduct the medical insurance premiums to the extent that they exceed New Jersey’s 2% requirement for medical expenses, but he may not deduct them when calculating distributive share of partnership income. To the extent that the pension contributions are specifically for him, if they are in a 401(k) plan, he may deduct them. To the extent that they are in another type of pension, he may not.
Based on the facts in this case, I find that the $2,534 medical expense deductions claimed by Mr. Dantzler were specifically allocable to his medical insurance and not deductible. He states that all partners had the same per capita deductions or no deduction. If it were a specific partnership expense, it would have been allocated to each partner in proportion to his or her partnership interest (in Mr. Dantzler’s case, 1.5%). Mr. Dantzler also states that he paid an additional $5,720 in insurance premiums which he did not deduct. He is not certain what the $2,534 actually represents, and so has failed to meet his burden of proof that it is deductible. I conclude that it is basic individual coverage for each partner which the Partnership paid on behalf of each partner. Those for whom there was no deduction either were not qualified for or elected not to participate in the firm’s group term insurance. The balance of Mr. Dantzler’s payments, $5,720, was reflective of premiums associated with his individual circumstances (married with two children).
II.
Personal Expenditures.
A.
FICA Taxes.
The FICA, or self-employment tax, is a tax imposed on self-employed individuals, including partners. It is based on *504 income, although there is a maximum amount which is taxable. Since the taxes are paid by the individual, and not by the partnership, they are not a proper deduction from New Jersey Gross Income Tax.
A corporate employer may. deduct its share of the FICA tax on employees in calculating its taxable income. The employee may not deduct his share of the FICA tax. A self-employed person is not permitted to deduct the self-employment tax when calculating New Jersey Gross Income Tax because it is a tax on income. N.J.S.A. 54A:5-1(b). Similarly, a partner cannot deduct his self-employment tax when calculating New Jersey Gross Income Tax. If Mr. Dantzler’s partnership was a corporation, it could deduct its share of his FICA tax. Tax consequences follow the form of business organization. General Trading Co. v. Director, Division of Taxation, 83 N.J. 122, 416 A.2d 37 (1980).
B.
Interest on Loan.
Mr. Dantzler borrowed money in order to meet his capital contribution requirements to the Partnership. Interest on the loan is not deductible as an expense in connection with net profits from business, but it is investment interest. Since Mr. Dantzler is in the business of being a partner of a law firm, the loan interest may be deductible just as the investment interest of an investor in stocks and bonds, whose business it is to invest in stocks and bonds, is deductible.
I find that Mr. Dantzler’s interest payments with respect to the money he borrowed to meet his capital contribution requirements were his personal expenses in eomieetion with his required partnership capital contribution requirements. Mr. Dantzler’s principal occupation is as a lawyer, and he practices law through his partnership. The interest payments are not obligations of the Partnership, but of Mr. Dantzler, and thus cannot be deducted in calculating his distributive share of partnership income. The Director argues that, since Mr. Dantzler’s interest *505 expenses (if deductible) are in connection with “net” profits from business, N.J.S.A. 54A:5-1(b), and his income is “distributive share of partnership income”, N.J.S.A 54A:5-1K, the expense is not deductible from the income because they fall in two different categories. In Sabino, plaintiff was allowed to deduct expenses he personally made in connection with his participation in his accounting partnership from his income from that partnership. Sabino, supra, 14 N.J.Tax at 515-16. Thus, Mr. Dantzler should be permitted to deduct his expenditures, required for participation in the income-producing Partnership, from his income from that Partnership. There is no question that his distributive share of Partnership income is attributable in part to his personal contributions to the Partnership and in part to his capital contribution to the Partnership. The fact that the distributive share of Partnership income is not denominated in part as a return on capital (dividend) and in part as wages has no consequence for the reality of the relationship of his sharing the income and expenses of the Partnership. The interest on the loan is deductible from Mr. Dantzler’s distributive share of Partnership income. I realize that allowing this deduction may make administration of the tax more difficult, but an administratively easier interpretation of a statute cannot be adopted when it conflicts with the statute. See Smith v. Director, Division of Taxation, supra, 108 N.J. at 33, 527 A.2d 843, and Allen v. Director, Division of Taxation, 14 N.J.Tax 385, 393 (Tax 1994).
III.
Deduction of Loss on Sale of Home.
The law of Baldwin v. Director, Division of Taxation, 10 N.J.Tax 273 (Tax 1988), affd o.b. per curiam, 237 N.J.Super. 327, 567 A.2d 1021 (App.Div.1990), is that personal losses are not deductible from taxable personal gains under the New Jersey Gross Income Tax. In that case, a taxpayer was not permitted to deduct the loss on the sale of a tractor from the gain on the sale of a house. The reasons for the determination are well stated in that case and further discussed in Estate of Guzzardi v. Director, *506 Division of Taxation, 15 N.J.Tax 395 (Tax 1995), aff’d, 16 N.J.Tax 374 (App.Div.1996). In this case, plaintiffs’ attempt to deduct then loss on the sale of one personal residence from the gain on the sale of another personal residence. Although a tractor is different from a house, the distinguishing characteristic for disallowance of the loss is the personal nature of the asset. Accordingly, I follow the holding in Baldwin and disallow the deduction. Baldwin’s holding that losses on the disposition of personal property are not deductible under N.J.S.A. 54A:5-1c was recently reaffirmed in Koch v. Director, supra, 157 N.J. 1, 722 A.2d 918.

IV.

Credit Calculations.
Allen v. Director, 14 N.J.Tax 385, 389 (Tax 1994), aff’d o.b. per curiam, 15 N.J.Tax 704 (App.Div.1996), citing numerous cases, stated:
[Tjhese cases make clear that the purpose of the credit is to see that double taxation is not imposed, ie„ to the extent that income is taxed in another jurisdiction the full amount of that tax, as long as it does not exceed the New Jersey tax on that same income, is creditable against a New Jersey resident taxpayer’s gross income tax liability.
Having held that Mr. Dantzler is not entitled to take New Jersey gross income tax deductions for his FICA taxes, medical insurance expenses, and non-401(k) pension payments of the Partnership, and having accepted the fact that Mr. Dantzler was permitted to deduct a pro rata share of those expenses in calculating his California taxable income, the amounts excluded from California income are taxed in New Jersey but not in California. Thus, the numerator of the California credit fraction must be reduced by the amounts not taxed in California.
Mr. Dantzler argues that under N.J.S.A. 54A:4-1, the numerator of the California credit fraction should be reduced by the deductible amounts and the denominator should also be reduced by those New Jersey amounts. In fact, to avoid double taxation, since the amounts are not taxable in California, the California *507 share (numerator) should be reduced; the New Jersey share (denominator) should not be reduced.