SMALL, J.T.C.
This matter is before me on motion of defendant, Director, Division of Taxation, to reconsider my opinion of June 1, 1999. Dantzler v. Director, Div. of Tax., 18 N.J.Tax 490 (Tax 1999). R. 8:10. The sole issue addressed by the motion for reconsideration is whether the Dantzlers are permitted to deduct from them New Jersey taxable income Interest paid by Mr. Dantzler on money borrowed in order to meet his required capital contribution to the law firm in which he is a partner.
The standards for reconsideration are substantially harder to meet than are those for reversal of a judgment on appeal. “Although it is an overstatement to say that a decision is not arbitrary, capricious, or unreasonable, whenever a court can review the reasons stated for the decision without a loud guffaw or involuntary gasp, it is not much of an overstatement.” D’Atria v. *509 D’Atria, 242 N.J.Super., 392, 401, 576 A.2d 957 (Ch.Div.1990). I have in other cases reconsidered and changed my opinion. See Jaydor Corp. v. Millburn, 17 N.J.Tax 378, 381 n. 1, 388, 389 (Tax 1998), appeal docketed. The argument of the Director is not without a logical foundation. Mr. Dantzler has chosen not to reply to that argument. Despite the Director’s example added to his regulation during the pendency of this litigation, I find that it is unnecessary to change my determination that interest on the loan to Mr. Dantzler, which was required in order for him to make his required partnership contribution, is a deductible business expense within the meaning of the Gross Income Tax statute.
I restate the facts relevant to this motion from my earlier opinion. Mr. Dantzler was required to provide capital to the partnership to acquire approximately a 1.5% interest in the profits and losses of the partnership. Prior to May 1992, he borrowed the amount necessary from the partnership, paying interest on this loan to the partnership. Shortly thereafter, he borrowed funds from Citibank and repaid the loan from the partnership. This loan from Citibank was facilitated by the partnership guaranteeing repayment of the loan. During 1992, interest on the Citibank loan was paid by the partnership on behalf of Mr. Dantzler. As a consequence, the partnership withheld a total of $597 from amounts that would have otherwise been distributed to him (in cash or on his behalf as a capital contribution). Dantzler, supra, 18 N.J. Tax at 495-96.
The Director points to Example 6b, added to N.J.A.C. 18:35-1.3(g) and adopted during the pendency of this litigation, which would prohibit the deduction allowed in this case. 30 N.J.R. 3386, 31 N.J.R. 780 (September 21, 1998) (March 15, 1999). The Director cites his further explanations indicating that this is a longstanding position of the Division of Taxation. 31 N.J.R. 780 (March 15, 1999), N.J.A.C. 18:35-1.3(c)(3). The absence of other documentation of this “longstanding position” raises a question as to whether the promulgation of the new example was designed to affect this and similar cases currently before the court. The law is clear that deference should generally be paid to the Director’s *510 reasonable and longstanding interpretation of a statute, but “this deference is ‘not total.’ ” Koch v. Director, Div. of Tax., 157 N.J. 1, 8, 722 A.2d 918 (1999).
In Smith v. Director, Div. of Taxation, 108 N.J. 19, 527 A.2d 843 (1987), our Supreme Court permitted individual partners of an investment partnership to deduct interest expenses in connection with the operation of that partnership from dividend, interest, and capital gains income of the paitnership, because those were ordinary expenses of such a partnership. Id. at 34, 527 A.2d 843. In the case before me, the Director argues that Mr. Dantzler is in the business of practicing law, and that business is separate from the business of investing in law practice partnerships. Nevertheless, the court takes notice of the fact that many lawyers practice in partnerships, and, further, that any business, including the business of practicing law, whether it be in the form of a partnership or a sole proprietorship, requires capital. .The business entity may raise capital by securing capital contributions from individual equity investors or may borrow the funds. If the funds were borrowed by the entity, the interest on those borrowed funds would be deductible from the business income of the business entity and passed through to the individual partners. Just as the court, in Smith v. Director, Div. of Taxation, supra, 108 N.J. 19, 527 A.2d 843, held that all sources of income and expenses are to be combined in calculating “distributive share of partnership income,” I find that Mr. Dantzler’s income from his law partnership required his contribution of both his labor and his capital.. It is a single enterprise. He did not have a practice of law and a separate business of investing in a law partnership.
In Sabino v. Director, Div. of Tax., 14 N.J.Tax 501 (Tax 1995), rev’d, 296 N.J.Super. 269, 686 A.2d 1197 (App.Div.1996), op. after remand, 17 N.J.Tax 29 (Tax 1997), an individual partner in an accounting firm made expenditures on behalf of the partnership which, if made by the partnership, would have been deductible to the partnership and reduced the partner’s distributive share of partnership income. The court held that those were business ' expenses of the • individual partner and deductible to him in *511 calculation of his Gross Income Tax. In this case, the interest on the loan required to meet Mr. Dantzler’s individual partnership contributions was specifically allocated to his partnership interest and was paid directly by him. It appears that he practiced with only one firm. His business of practicing law required the capital contribution. The Director also points out that the Legislature, in enacting the statute, and the Director, in interpreting it, in tended to put all businesses on a similar footing with respect to deductions from gross income subject to tax. A sole practitioner who purchased equipment to run his legal practice, and didn’t have adequate cash to pay for that equipment, but, instead, purchased it on time with an interest component to those payments, would be permitted to deduct the full payment for the equipment. Similarly, an individual partner in a law firm requiring capital for the running of the operation is permitted to deduct interest on his required investment in the partnership.
The Director asks me to adopt Example 6b to N.J.A.C. 18:85-1.3(g) and apply the rule to the facts in this case. I find the rule somewhat confusing when read in the context of examples 6a and 6c, N.J.A.C. 18:35 — 1.3(c)(1), N.J.A.C. 18:35-1.3(d)(2), and N.J.A.C. 18:35-1.1(d).
N.J.A.C. 18:35-1.3(c)(l) provides:
(c) The partnership's del erminalion of a partner’s distributive shares of partnership income or loss shall be as follows:
1. a partnership shall determine its income or loss for purposes of this subsection in the same manner a sole proprietorship determines “net profits from business” pursuant to N.J.A.C. 18-35 — 1.1(c) and (d).
N.J.A.C. 18:35 — 1.3(d)(2) provides:
2. A partner may deduct unreimbursed expenses incurred in the conduct of the partnership’s business if the expenses meet the deductibility standard of an ordinary business expense as described in N.J.A.C. 18:35-1.1(d).
N.J.A.C. 18:35-1.1(c) provides:
(c) A taxpayer’s net profits from business shall be determined by taking into account all income of the taxpayer derived from the conduct of a business, profession or any other activity intended to produce income, provided such activity qualifies for and reports as a trade or business for Federal income tax purposes. All income attributable to the taxpayer’s conduct of a trade or business, reduced by *512 costs and expenses as provided in (d) below, shall be taken into account in determining the taxpayer’s net profit from business.
N.J.A.C. 18:35 — 1.1(d) provides:
(d) A taxpayer’s net profits from business shall be determined by taking into account all ordinary costs and expenses incurred in the conduct of that business— No deduction shall be allowed for any cost or expense which is not incurred in the conduct of the trade or business. Only ordinary business costs and expenses are deductible.
1. An ordinary business cost or expense must be:
1. Incurred primarily and directly in the pursuit of the business’s income;
ii. Incurred as a common and accepted practice in that field of business;
iii. Required for and appropriate to the intended business purpose; and
iv. Reasonable in amount in relation to the intended business purpose.
2. The determination whether a business expense is ordinary shall be based upon the facts and circumstances of the expense. A taxpayer has the burden to demonstrate to the satisfaction of the Director that the cost or expense is deductible.
In responding to a comment on these proposed regulations, the Division stated:
A sole proprietorship or a partnership may deduct investment interest expense in determining its net profits if the expense meets the ordinary business expense standard.
[31 N.J.R. 780 ((March 15, 1999) emphasis supplied).]
In examples 1 and 2 to the sole proprietor regulations (N.J.A.C. 18:35-1.1(h)), the Director allows interest expenses to finance the purchase of inventory of a hardware store and interest expenses to finance stock trading activities. In example 6a to the partnership regulations (N.J.A.C. 18:35-1.3(g)), the Director allows interest expenses to finance improvements to machinery of a manufacturing business. In example 6e, the Director disallows an interest expense to finance a cash distribution to the partners. Example 6b is quoted in its entirety.
A law firm partnership earned $600,000 of ordinary income during the calendar year. Partner A is financing 50% of his capital contribution to the partnership with a loan from the partnership. The interest on this loan is $4,000. Partner B’s capital contribution came entirely from liis own funds. The partnership in completing its NJ-1065 will determine partnership income as follows:
Ordinary income 600,000
Interest income 4,000
Partnership income 604,000
*513 Partners A and B share equally in profit and loss of the partnership. Partners A and B each will report $302,000 as distributive share of partnership income on their NJ-1040s. Partner A cannot deduct the 84,000 interest expense since the interest resulted from a loan used to buy equity in the partnership. Partner A is in the business of practicing law and investing in the partnership is his personal expense.
[Id. Emphasis supplied].
The final sentence of the example is troubling. In order to practice law in the partnership from which a taxpayer derives his income, the Taxpayer must not only contribute labor but also must share in the equity obligations of the partnership. Non-lawyers are not free to “invest” in law partnerships in which they do not participate. See, e.g., R.P.C. 5.4(a), (b), and (d) and its New York equivalent, 22 N.Y.C.R.R. § 1200.18 (DR 3-103). He may not participate in this partnership without making an equity contribution — which he has chosen to finance. Were the partnership to have borrowed this money for working capital, and each partner paid his or her ratable share of interest, the interest under the above-cited regulations would be deductible “investment interest.” Under N.J.A.C. 18:35-1.3(d)(2) and Sabino, supra, 14 N.J.Tax 501, a partner may deduct his or her individual[1] unreimbursed business expenses, such as entertainment. I see no reason why the partner may not deduct unreimbursed interest expense for his or her equity contribution to the firm which must be used for working capital and other cash needs of the partnership. To hold otherwise would be inconsistent with the Director’s professed objective to treat partners and sole proprietors consistently with regard to the deductibility of legitimate business expenses.
*514 Although Mr. Dantzler has not demonstrated the specific uses to which his equity investment was put, it is not unreasonable to conclude that, given the contentious nature of the partnership, see Dantzler, supra, 18 N.J.Tax at 494-95, the investment was used in the partnership’s business. Brill v. Guardian Life Ins. Co., 142 N.J. 520, 541-2, 666 A.2d 146 (1995).
Thus, although not as carefully or consistently explained in my June 1, 1999 opinion, a proper interpretation of the New Jersey gross income tax statute, the interpretive agency regulations (except for Example 6b N.J.A.C. 18:35 — 1.3(g)), and decided case law, in particular, Smith v. Director, Div. of Taxation, supra, 108 N.J. 19, 527 A.2d 843, and Sabino v. Director, Div. of Taxation, supra, 17 N.J.Tax 29, require the allowance of the Dantzlers’ deduction of interest on funds borrowed to meet Mr. Dantzler’s required contribution to ¿he partnership in which he practiced law.
The motion for reconsideration is denied.

 To the extent that I indicated in the June 1 opinion that Mr. Dantzler's interest expenses were “personal," I meant to indicate that they were allocable to his “individual" (or personal) share of the partnership. Dantzler, supra, 18 N.J Tax. at 504. I did not mean that they were "personal" as contrasted with "business" expenses. The modern master of style, Bryan A. Garner has written: "A word or phrase is somewhat undesirable if it has any of the following characterizations...;. .it blurs a useful distinction." Garner, A Dictionaiy of Modem Afnerican Usage, x (1998). My choice of words may have caused confusion which, I hope, is now clarified by this opinion.