PER CURIAM.
Plaintiffs, David Sidman and Carol Sidman, appeal from a judgment of the Tax Court entered on May 19, 2000, affirming the deficiency assessment of gross income tax for 1994 made by the Director, Division of Taxation.
The factual and procedural history giving rise to the disputed assessment is set.forth in Sidman v. Director, Div. of Taxation, 18 N.J.Tax 686 (Tax 2000), and need not be repeated here at length. Lux Homes, Inc. is a New Jersey Subchapter S corporation in the business of selling home building products. Prior to November 23,1992, the majority of Lux Home’s 5000 shares of common stock were owned by Marcel Bollag, father of Carol Sidman and Jacqueline Bollag, sister of Carol Sidman. David Sidman works for Lux Homes as an executive employee and, at that time, owned 216 shares of Lux Home’s stock. On November 23, 1992, David Sidman entered into an agreement with the Bollags for his purchase of the 4354 shares of Lux Home stock owned by the Bollags. The purchase price was $3,279,433, the majority of which was financed by a note executed by David Sidman in the amount of $3,029,433, payable over a period of fifteen years in monthly installment payments of principal and interest in the amount of $28,950.84. During 1994, David Sidman paid the Bollags $228,569 in interest on the note.
In them joint 1994 New Jersey gross income tax return, plaintiffs deducted the $228,569 in interest paid from David Sidman’s $523,355 pro rata share of income from Lux Homes. The Director disallowed the interest deduction. On appeal, the Tax Court affirmed the Director’s decision, ruling that plaintiffs may not deduct the loan interest from the pro rata share of net income from Lux Homes. Id. at 637.
*487 On appeal, plaintiffs present the following arguments for our consideration:
POINT I .
UNDER THE NEW JERSEY GIT, TAXPAYERS WHO ARE SHAREHOLDERS IN S-CORPORATIONS SHOULD BE TREATED IN THE SAME MANNER AS TAXPAYERS WHO ARE PARTNERS IN PARTNERSHIPS IN DETERMINING THE DEDUCTIBILITY OF EXPENSES PAID BY THEM.

POINT II

PRINCIPLES] OF FEDERAL TAX LAW ARE APPLICABLE IN DETERMINING WHETHER THE PLAINTIFF IS PERMITTED TO DEDUCT THE INTEREST EXPENSE PAID ON INDEBTEDNESS INCURRED TO ACQUIRE STOCK IN A NEW JERSEY SUBCHAPTER S-CORPORATION IN WHICH HE IS AN ACTIVE PARTICIPANT.

POINT III

PLAINTIFFS ARE ALLOWED A DEDUCTION FOR INTEREST PAID ON INDEBTEDNESS INCURRED TO ACQUIRE STOCK IN A NEW JERSEY SUBCHAPTER S-CORPORATION IN WHICH PLAINTIFF IS AN ACTIVE PARTICIPANT PURSUANT TO THE EXPRESS PROVISIONS OF THE NEW JERSEY GROSS INCOME TAX ACT.
The New Jersey Gross Income Tax Act (Act), N.J.S.A. 54A5-1 to 10-12, taxes certain categories of income, including “Lnjet pro rata share of S corporation income.” N.J.S.A. 54A:5-1(p). “S corporation income” is defined by the statute as “the net of an S corporation’s items of income, loss or deduction taken into account by the shareholder in the manner provided in section 1366 of the federal Internal Revenue Code of 1986, 26 U.S.C. § 1866[.]” N.J.S.A. 54A5-10.
The most distinctive feature of the Act is that it places different types of income into separate categories, and prohibits the deduction of losses in one category from income in another:
Losses which occur within one category or gross income may be applied against other sources of gross income within the same category of gross income during the taxable year. However, a net loss in one category of gross income may not be applied against gross income in another category of gross income.
[N.J.S.A.. 54A.5-2.]
This provision, which matches types of income with types of losses, is found nowhere in the federal tax code. It creates a conceptual divide between the Act and the federal income tax scheme.
*488 Plaintiffs argue that the interest on the money plaintiff borrowed to purchase shares in Lux Homes, an S corporation, should be deductible from his pro rata share of Lux Home’s income. The Act, however, makes no specific provision for an interest deduction on a personal loan. The New Jersey gross income tax was conceived as a tax on gross income, not net. Smith v. Dir., Div. of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987). The legislative history of the Act reveals that the Legislature wished to limit deductions as a way of avoiding the tax shelters and “loopholes” found in the federal tax laws. Id. at 30-31, 527 A.2d 843. The Assembly statement to the gross income tax legislation provides:
This tax avoids loopholes presented in other variations of the income tax, is continuously progressive, based on the provisions for a limited group of deductions and is simple to administer.
The statement of the Senate Revenue, Finance and Appropriations Committee explains:
Assembly Bill No. 1518 [the gross income tax] was intended as a tax on gross income, shorn of the deductions and items of tax preference in the Federal Income Tax.
Richard Van Wagner, Chair of the Assembly Taxation Committee, which considered the bill, cited concerns about loopholes as a reason the committee refused to pattern the bill on the federal income tax, stating:
[T]he concept of a gross income tax was accepted in order to eliminate some of the loopholes which exist in any tax patterned upon the federal income tax.
[Richard Van Wagner, The New Jersey Gross Income Tax: An Analysis flom Background to Enactment, 2 Seton Hall Legis. J., 100, 111 (1977) (footnote omitted).]
In construing a statute, we attempt to determine the intent of the Legislature. AMN, Inc. v. S. Brunswick Tp. Rent Leveling Bd., 93 N.J. 518, 525, 461 A.2d 1138 (1983); Franek v. Tomahawk Lake Resort, 333 N.J.Super. 206, 217, 754 A.2d 1237 (App.Div.2000). The starting point for determining legislative intent is the plain language of the statute. Bergen Commercial Bank v. Sister, 157 N.J. 188, 201, 723 A.2d 944 (1999). The legislative history may also be an aid in the interpretation. State v. Madden, 61 N.J. 377, 389, 294 A.2d 609 (1972); Alston v. City of *489 Camden, 332 N.J.Super. 240, 245, 753 A.2d 171 (App.Div.), certif. granted, 165 N.J. 607, 762 A.2d 221 (2000).
Here, the plain language of the statute, through the absence of an explicit provision allowing a deduction for interest on personal loans, suggests that no such deduction was intended or is allowed. The legislative history strongly suggests that the lack of the deduction was purposeful and that it would be contrary to the will of the Legislature to permit same.
 Moreover, statutes granting exemptions and deductions from taxation are strictly construed against those claiming the exemption or deduction. INDOPCO, Inc. v. Comm’r of Internal Revenue, 503 U.S. 79, 83, 112 S.Ct. 1039, 1043, 117 L.Ed.2d 226, 233-34 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348, 1352 (1934); Princeton Univ. Press v. Bor. of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961); Bd. of Nat'l Missions of Presbyterian Church in United States v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952). To exempt property from a tax burden, the legislative intent must be expressed in the statute in clear and unmistakable terms. Neeld, supra, 9 N.J. at 853, 88 A.2d 500. A taxpayer seeking a deduction must be able to point to an applicable statute and show that he or she comes within its terms. INDOPCO, supra, 503 U.S. at 83, 112 S.Ct. at 1048, 117 L.Ed.2d at 233-34. “The predicate for this principle is that the existence of government depends on tax revenues; without such revenues government cannot function.” Metpath, Inc. v. Dir., Div. of Taxation, 96 N.J. 147, 152, 474 A.2d 1065 (1984).
Plaintiffs argue, however, that it is inconsistent to disallow the purchase-money interest deduction since, if Lux Homes had borrowed the money, Lux Homes would have been permitted to deduct the interest as a business expense. See N.J.S.A. 54A:5-10 (defining S-corporation income as net of all deductions); see also Smith, supra, 108 N.J. at 31, 84, 527 A.2d 843; Sabino v. Dir., Div. of Taxation, 296 N.J.Super. 269, 274-75, 686 A.2d 1197 (App.Div.1996). Plaintiffs assert that Lux Homes, as an S corporation, is a “pass-through entity” and, like partnerships, the *490 expenses of the corporation and the shareholders cannot be reasonably separated.
S corporations were created in federal law to permit small corporations to avoid the double taxation imposed on more traditional C corporations. Byrne v. Comm’r of Internal Revenue, 361 F.2d 939, 942 (7th Cir.1966); see I.R.C. § 1361 (“ ‘small business corporation’ means a domestic corporation ... which does not (A) have more than 75 shareholders”). C corporations are taxed on the income earned within the corporation and then the shareholders are taxed when the money is paid out to them in the form of dividends. Byrne, supra, 361 F.2d at 942. Federal tax law permits small businesses to elect to be treated as S corporations, whereby each shareholder is taxed on the pro rata share of the corporation’s income, whether this income is paid out to the shareholders or not. I.R.C. §§ 1361, 1366. Thus, the S corporation’s income, or loss, is said to “pass through” to its shareholders. I.R.C. § 1366.
New Jersey had no provision in its tax laws for S corporations until 1993, when the Act and the Corporate Business Tax, N.J.S.A. 54:10A-1 to -40, were amended by L. 1993, c. 173, eff. July 7, 1993. The statement of the Assembly Appropriations Committee, which approved the legislation, expressed a desire to eliminate the difficulty of this discrepancy between federal and state law stating, in pertinent part:
Historically, New Jersey has not recognized the S corporation concept for corporations operating in New Jersey which has added greater complexity for the taxation of those corporations because of the need to handle tax planning in one manner for federal tax purposes and in a different manner for New Jersey tax purposes. Frequently, that tax planning reflects and poses difficulties for the corporation.
[Assembly Appropriations Committee Statement to L. 1993, c. 173.]
However, the Committee recognized the essential dichotomy between the federal tax scheme and the gross income tax, stating:
The bill differs from the federal S corporation treatment for two significant reasons. First, New Jersey is one of two states that uses a “gross income” measure for determining personal income tax liability rather than the more common “net income” measure. Thus, net losses from S corporations are not utilized against income. Second, the extreme revenue impact of eliminating all corporate level taxes for S corporations makes that elimination impractical. Ac *491 cordingly, a corporate level tax is retained which is similar to the treatment provided in New York State.
[Ibid. 1
In Dantzler v. Dir., Div. of Taxation, 18 N.J. Tax 490 (Tax 1999), plaintiff-taxpayer, a lawyer, borrowed money to meet Ms capital contribution requirements to the law firm partnership for which he worked. Id. at 504-05. The court held that plaintiff could deduct the interest on the loan from his income, stating:
Mr. Dantzler should be permitted to deduct his expenditures, required for participation in the income-producing Partnership, from his income from that Partnership. There is no question that his distributive share of Partnership income is attributable in part to his personal contributions to the Partnership and in part to his capital contribution to the Partnership. The fact that the distributive share of Partnership income is not denominated in part as a return on capital (dividend) and in part as wages has no consequence for the reality of the relationship of his sharing the income and expenses of the Partnership. The interest on the loan is deductible from Mr. Dantzler’s distributive share of Partnership income.
[Id. at 505.|
See also Reck v. Dir., Div. of Taxation, 18 N.J. Tax 598, 620-21 (Tax 2000).
Citing to Dantzler and Reck, plaintiffs argue that because S corporations and partnerships are both pass-through entities, the interest on a purchase money loan made by a partner or a shareholder should be treated in the same way. However, although S corporations and partnerships share certain characteristics, they are not identical entities and the Act need not treat them identically.
In Smith, svpra, the Court determined that the Act taxes partnerships in the same way that it does sole proprietorships in that it taxes partners in their capacities as individuals and not the partnership itself. 108 N.J. at 28, 527 A.2d 843. The Court relied upon N.J.S.A. 54A:2-2, which provides:
A partnership as such shall not, be subject to the New Jersey Gross Income Tax. Individuals carrying on business as partners shall be liable for the New' Jersey Gross Income Tax only in their separate or individual capacities.
Additionally, the Court cited to N.J.S.A 54A:5-4, which provides:
A partnership or association as such shall not be subject to the tax imposed by this act, but the income or gam of a member of a partnership or association shall be subject to the tax and the tax shall be imposed on his share, whether or not *492 distributed, of the income or gain received by the partnership or association for its taxable year- ending within or with the partner’s or member’s taxable year.
The Tax Court’s holding in Dantzler — that a partner may deduct interest payments from a loan used to acquire a partnership interest — follows directly from the Court’s holding in Smith— that partners are taxed as if they were sole proprietors. Logically, if the partnership itself has no legal significance for purposes of New Jersey’s gross income tax law, then whether the partnership itself borrows the money, or the partner borrows the money for a purpose related to the partnership’s business, is immaterial.
In contrast, in corporate law, the corporation has a separate and distinct legal identity apart from that of its shareholders, officers, and directors. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 760, 563 A.2d 31 (1989); McGarvey v. G.I. Joe Septic Serv., Inc., 293 N.J.Super. 129,150, 679 A.2d 733 (App.Div.), certif. denied, 147 N.J. 263, 686 A.2d 764 (1996). Certain legal advantages spring from the corporate form of business ownership, including insulating the shareholders from the liabilities of the corporation. Marzano v. Computer Science Corp., 91 F.3d 497, 513 (3d Cir.1996).
The Act does treat S corporations in one respect like partnerships, in that it provides that the corporation’s income should be passed through and taxed to the shareholders:
An S corporation as such shall not be subject to the tax imposed by the “New Jersey Gross Income Tax Act,” N.J.S. 54A:1-1 et seq., but the S corporation income, dividends and gain of a shareholder of an S corporation shall be subject to the tax, and the tax shall be imposed on the shareholder’s pro rata share, whether or not distributed, of the S corporation income for its taxable year ending within or with the shareholder’s taxable year.
[N.J.S.A. 54A:5-9.]
The language of this section mirrors that of N.J.S.A. 54A:5-4; however, there is no S corporation equivalent to N.J.S.A. 54A:2-2, which provides that partners must be taxed only in their “separate or individual capacities.”
We are not persuaded that enactment of N.J.S.A. 54A:5-9 evidences a legislative intent to ignore the legal separateness of S corporations from them shareholders for all tax purposes. Indeed, the Legislature continued to impose a corporate business tax on S *493 corporations, albeit at a lower rate. See N.J.S.A. 54:10A-5(c)(2) and (3) (setting the corporate business tax rate for S corporations). We conclude that the legal separateness of S corporations and their shareholders militates against treating the interest paid by a shareholder to purchase stock in an S corporation as an expense of the business and, therefore, deductible.
Plaintiffs also cite to federal tax treatment of the deductibility of interest on purchase money loans. The Internal Revenue Service has issued a notice stating that in debt-financed acquisitions, the owners of S corporations may generally deduct the interest on that loan. Notice 89-35, 1 C.B. 675 (1989), 1989 WL 587484. It is, therefore, clear that under federal tax law, plaintiffs are able to deduct the interest on the purchase money loan.
However, federal tax law on deduction of interest differs significantly from that in the New Jersey Act. Pursuant to I.R.C. § 163, all interest is deductible, unless a specific exception is listed. The legislative history of the Act reveals that our Legislature wanted to avoid some of the loopholes and deductions that made the federal tax scheme appear unfair. As the Court noted in Smith, supra:
We disagree that the Legislature patterned the New Jersey Gross Income Tax Act on the Internal Revenue Code. Even a cursory comparison of the New Jersey Gross Income Tax and the Interna! Revenue Code indicate that they are fundamentally disparate statutes. The federal income tax model was rejected by the Legislature in favor of a gross income tax to avoid the loopholes available under the Code.
[108 N.J. at 32, 527 A.2d 843]
In those instances where the Act explicitly refers to the federal tax code, our courts have noted that the Legislature “intended to incorporate federal income tax concepts.” Koch v. Dir., Div. of Taxation, 157 N.J. 1, 10, 722 A.2d 918 (1999) (quoting Smith, supra, 108 N.J. at 33, 527 A.2d 843).
The provisions in the Act pertaining to S corporations refer to the Internal Revenue Code several times. Specifically, N.J.S.A. 54A:5-10 defines S corporation income by reference to I.R.C. § 1366. That section of the Internal Revenue Code is a general provision which provides that S corporation income passes through to the shareholders. However, that section makes no mention of *494 how interest on a pun-chase money loan taken by a shareholder should be treated. The Act makes no reference to or incorporation of I.R.C. § 163, the interest-deduction section of the Internal Revenue Code.
In general, we defer to agency interpretation of statutes that the agency is charged with enforcing. Koch, supra, 157 N.J. at 8, 722 A.2d 918. Deference is particularly accorded to the expertise of the agency in specialized and complex areas of the Act. Ibid. Moreover, judges assigned to the Tax Court have substantial expertise and we should not disturb them findings unless they aré plainly arbitrary or unsupported by the evidence. Little Egg Harbor Tp. v. Bonsangue, 316 N.J.Super. 271, 285, 720 A.2d 369 (App.Div.1998). The findings and conclusions by Judge Small in his reported opinion, Sidman v. Dir., Div. of Taxation, 18 N.J. Tax 636 (Tax 2000), are supported by the evidence and constitute a reasonable reading of the Act.
Affirmed.