KUSKIN, J.T.C.
Plaintiffs are shareholders of a New Jersey S corporation. They challenge a determination by defendant Director of the Division of Taxation that charitable contributions made by the corporation are not deductible in calculating their respective shares of S corporation income under N.J.S.A. 54A:5-lp, a provision of the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 to:10-12 (the “GIT Act”). For the reasons set forth below, I hold that the contributions are deductible.
I.
Facts
The following facts have been stipulated by the parties. Myron Manufacturing Corporation (“Myron Corp.”) is a New Jersey S corporation engaged in the business of manufacturing and selling, at wholesale, calendars, pens and imprinted business gifts. It operates on an October 1 to September 30 fiscal year. Plaintiffs are the principal shareholders and chief executives of the corporation.
For its fiscal year ending September 30, 1994, Myron Corp. calculated plaintiffs’ respective shares of S corporation income by deducting charitable contributions made by the corporation. As reflected in the NJ-K-1 Forms issued to plaintiffs, the corporation allocated a deduction of $162,775 to plaintiff Elaine Adler and a deduction of $162,776 to plaintiff Myron Adler. On their New Jersey joint gross income tax return for calendar year 1994, plaintiffs reported their combined share of S corporation income net of the $325,681 in charitable contributions.
*539 For its fiscal year ending September 30, 1995, Myron Corp. made charitable contributions totaling $487,420. In its initial New Jersey corporation business tax return filed for the fiscal year, the corporation did not deduct the charitable contributions in calculating S corporation income, but did so in an amended return. Amended NJ-K-1 Forms issued to plaintiffs set forth their respective shares of S corporation income net of their respective one-half shares of the charitable contributions. Plaintiffs filed an amended joint gross income tax return reflecting this change in calculation. As a result of the reduction in their aggregate share of S corporation income, plaintiffs’ amended return indicated a refund due of $80,627 (after inclusion of additional dividend income).
After auditing plaintiffs’ 1994 and 1995 returns, the Director disallowed the deductions of Myron Corp.’s charitable contributions in calculating plaintiffs’ share of S corporation income, resulting in a tax deficiency assessment of $21,649, exclusive of income interest, for 1994, and a denial of the refund claim for 1995. Plaintiffs protested and, on February 1, 2001, the Director issued his Final Determinations sustaining the assessment and refund denial. This appeal followed.
II.
Contentions of the Parties.
Plaintiffs contend that, in calculating their respective shares of S corporation income, the deduction of Myron Corp.’s charitable contributions was appropriate on two grounds:
1. the deduction is expressly permitted by the provisions of the GIT Act relating to taxation of S corporation income, particularly by N.J.S.A. 54A:5-10 and its reference to I.R.C. § 1366, which, in turn, refers to I.R.C. § 702(a)(4); and
2. the charitable contributions constituted ordinary business expenses of Myron Corp.
The Director responds that (i) the reference in N.J.S.A. 54A:5-10 to I.R.C. § 1366 does not constitute a wholesale incorporation of the substantive provisions of that section or I.R.C. § 702(a)(4), (ii) charitable contributions by individuals are not deductible in the calculation of gross income tax liability, and, therefore, (iii) contributions made by an S corporation should not be deductible in *540 determining the gross income tax liability of individual corporate shareholders. The Director further contends that I.R.C. § 702(a)(4) expressly permits the deduction of charitable contributions in the partnership context and should not be applied to S corporations. The Director argues that, because New Jersey imposes a corporate level tax on S corporations, S corporations and partnerships should not be treated identically under the Gross Income Tax Act and, therefore, an Internal Revenue Code reference to a partnership section should not determine the method for calculating tax liability under the Gross Income Tax Act. Finally, the Director asserts that his special expertise in tax matters is entitled to deference by the court, and his interpretation of the statutory provisions should not be disturbed.
In response to plaintiffs’ contention that Myron Corp.’s charitable contributions constituted ordinary business expenses, the Director argues that the contributions did not satisfy the governing criteria for determining whether a business expense is deductible. These criteria are set forth in N.J.A.C. 18:35-1.1(d)(1), a regulation defining ordinary business costs and expenses for purposes of determining net profits from business taxable under N.J.S.A. 54A:5-lb. The regulation provides that, in order to qualify for deduction, the cost or expense must be:
i) Incurred primarily and directly in the pursuit of the business’s income;
ii) Incurred as a common and accepted practice in that field of business;
iii) Required for and appropriate to the intended business purpose; and
iv) Reasonable in amount in relation to the intended business purpose.
[N.J.A.C. 18:35-1.1(d)(1).]
The Director asserts that these criteria are consistent with and implement the Appellate Division’s decision in Sabino v. Director, Div. of Taxation, 296 N.J.Super. 269, 686 A.2d 1197 (App.Div.1996), where the court held that only “ordinary” business expenses of a partnership are deductible (but did not define the term “ordinary”).
III.
Applicable Law
S corporations were not recognized in New Jersey until 1993, when the Corporation Business Tax Act, N.J.S.A 54:10A-1 to -40, *541 and GIT Act were amended by L. 1993, c. 173, effective July 7, 1993. As distinguished from the federal treatment of S corporations, where all corporate income is passed through and taxed to the shareholders, and no tax is imposed at the corporate level, New Jersey continued to impose corporation business tax on the S corporation, although at a reduced rate. See N.J.S.A. 54:10A-5(c)(2) and (3). The 1993 legislation also contained provisions relating to the taxation under the GIT Act of S corporation income received by shareholders, including N.J.S.A. 54A:5-lp imposing gross income tax on “[n]et pro rata share of S corporation income.” Other provisions, N.J.S.A 54A:5-9 to -14, set forth the standards for calculation of S corporation income taxable to corporate shareholders. N.J.S.A. 54A:5-10, in pertinent part, defines “S corporation income” as follows:
[T]he net of an S corporation's items of income, loss or deduction taken into account by the shareholder in the manner provided in section 1366 of the federal Internal Revenue Code of 1986, 26 U.S.C. § 1366; provided however that:
a. S corporation income shall be determined without the exclusion, deduction or credit of:
(1) any dividend exclusion or deduction otherwise allowed pursuant to paragraph 5 of subsection (k) of section 4 of P.L.1945, e. 162 (C. 54:10A-4);
(2) taxes paid or accrued to the United States, a possession or territory of the United States, a state including this State, a political subdivision thereof, or the District of Columbia on or measured by profits or income, or business presence or business activity, of the corporation;
(3) any income taxes paid or accrued to the United States, a possession or territory of the United States, a state including this State, a political subdivision thereof, or the District of Columbia paid or accrued by the S corporation on behalf of, or in satisfaction of the liabilities of, shareholders of the corporation;
(4) interest income on obligations of any state other than this State, or of a political subdivision thereof, or of the federal government, except as deducted pursuant to subsection b. of this section; or
(5) interest on indebtedness incurred or continued, expenses paid and incurred to purchase, carry, manage or conserve, and expenses of collection of the income or gain from obligations the income or gain from which is deductible pursuant to subsection b. of this definition; and
e. The character of any S corporation item taken into account by a shareholder of an S corporation shall be determined as if such items were received or incurred by the S corporation and not its shareholder.
*542 [N.J.S.A. 54A5-10.]
I.R.C. § 1366, to which N.J.S.A. 54A:5-10 refers, provides that, in determining the tax liability of an S corporation shareholder,
there shall be taken into account the shareholder’s pro rata share of the corporation’s—
(A) items of income (excluding tax-exempt income), loss, deduction, or credit the separate treatment of which could affect the liability for tax of any shareholder, and
(B) nonseparately computed income or loss.
For purposes of the preceding sentence, the items referred to in subparagraph (A) shall include amounts described in paragraph (4) ... of section 702(a).
U.R.C. § 1366(a).]
The provisions of I.R.C. § 702 relate to the computation of income and credits of a partner. Paragraph (a)(4) provides that a partner “shall take into account separately his distributive share of the partnership’s — ... (4) charitable contributions (as defined in section 170(c)).”
The preceding statutory provisions are the basis for plaintiffs’ contention that express statutory authority permits the deduction of S corporation charitable contributions in calculating shares of S corporation income. Plaintiffs’ argument that the contributions constitute deductible ordinary business expenses relies on the portion of N.J.S.A. 54A:5-10 which defines S corporation income as the net of an S corporation’s “items of income, loss or deduction.” Plaintiffs assert that this language authorizes the deduction of all ordinary business expenses, including charitable contributions. They note that the specific exclusions, deductions and credits precluded by the statute do not refer to charitable contributions.
TV.
Discussion
A. Whether the Applicable Statutes Expressly Permit Deduction of Corporate Charitable Contributions in Calculating S Corporation Income.
The Director stipulates that all recipients of the contributions in issue were qualified charitable organizations within the *543 meaning of I.R.C. § 170, and, therefore, the contributions were properly deductible by Myron Corp. for purposes of determining its corporation business tax liability. The Director contends, however, that, for purposes of determining a shareholder’s gross income tax liability with respect to S corporation income, charitable contributions may not be deducted. The Director’s position is contrary to the express language of N.J.S.A. 54A:5-10. As discussed above, this statute defines S corporation income for gross income tax purposes, as “the net of an S corporation’s items of income, loss or deduction taken into account by the shareholder in the manner provided in section 1366 of the federal Internal Revenue Code.” Section 1366 expressly provides that, for purposes of determining an S corporation shareholder’s federal income tax liability, items of deduction “shall include amounts described in paragraph 4 ... of section 702(a).” This reference to section 702(a) is not a reference to partnership taxation but simply a reference to the “amounts described” in paragraph 4 of that section, namely “charitable contributions.”
The Director’s argument that N.J.S.A. 54A:5-10 does not incorporate, for gross income tax purposes, the provisions of I.R.C. § 1366 and its reference to I.R.C. § 702(a) has merit only under a truncated reading of N.J.S.A 54A:5-10, a reading which ignores the express reference to I.R.C. § 1366 and its express reference to I.R.C. § 702(a). Our Supreme Court has held that the New Jersey GIT Act is not patterned on the Internal Revenue Code. Smith v. Director, Div. of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987). The Court noted, however that “when the Legislature intended to incorporate federal income tax concepts, it did so explicitly.” Id. at 33, 527 A.2d 843. In defining S corporation income taxable to a corporate shareholder, the New Jersey Legislature expressly incorporated federal income tax concepts from I.R.C. §§ 1366 and 702(a). The Director, in the guise of his expertise in interpreting tax statutes, may not contravene the express language of the Legislature. See Koch v. Director, Div. of Taxation, 157 N.J. 1, 8, 722 A.2d 918 (1999)(stating that deference by the courts to the Director’s interpretation of tax statutes is not *544 total, and the courts are the final authorities on issues of statutory construction.)
The Director relies on my decision in Mandelbaum v. Director, Div. of Taxation, 20 N.J.Tax 141 (Tax 2002) as supporting his non-incorporation argument. The reliance is misplaced. In that decision, I held that N.J.S.A. 54A:5-10 contained no reference to an I.R.C. § 338(h)(10) election. Therefore, a New Jersey taxpayer, after careful reading of this provision of the GIT Act, would have no basis for determining that an I.R.C. § 338(h)(10) election would affect the determination of the taxpayer’s liability under the Act. Here, as discussed above, N.J.S.A. 54A:5-10 expressly refers to I.R.C. § 1366 which expressly refers to I.R.C. § 702(a)(4). As distinguished from the Mandelbaum facts, therefore, a taxpayer reviewing N.J.S.A. 54A:5-10, I.R.C. § 1366 and I.R.C. § 702(a)(4) would have no basis for concluding that charitable contributions are not deductible in calculating S corporation income.
The Director also relies on Sidman v. Director, Div. of Taxation, 19 N.J.Tax 484 (App.Div.) certif. denied, 170 N.J. 387, 788 A.2d 772 (2001), where the Appellate Division affirmed a determination by the Tax Court that, for purposes of calculating net pro rata share of S corporation income, interest on a loan obtained by the plaintiff to purchase shares in the S corporation was not deductible. The court noted that, in interpreting a statute, “[t]he starting point for determining legislative intent is the plain language of the statute.” Id. at 488 (citation omitted). It found that the statutes relating to taxation of S corporation income contained no explicit provision allowing the deduction of interest on a personal loan. Id. at 489. This suggested that the Legislature did not intend to permit such a deduction. Sidman does not support the Director’s position because here, as discussed above, the Legislature, by expressly incorporating provisions of the Internal Revenue Code, has contemplated the deductibility of charitable contributions in determining net pro rata share of S corporation income. The language of N.J.S.A. 54A:5-10 satisfies the well-established principle reiterated in the Sidman that “[t]o exempt property from a tax burden, the legislative intent must be ex *545 pressed in the statute in clear and unmistakable terms.” Id. at 489.
Sidman is further distinguishable in that the deduction in issue was a direct deduction by the shareholders of the corporation and was not a pass-through of a corporate deduction. The shareholders argued that, because an S corporation is a pass-through entity, the interest they paid should be treated as if it had been paid by the corporation since, a payment by the corporation would be deductible by it, and the deduction would pass through to the shareholders. The Appellate Division rejected that argument noting that “the legal separateness of S corporations and their shareholders militates against treating the interest paid by a shareholder to purchase stock in an S corporation as an expense of the business and, therefore deductible.” Id. at 493. Here, the deductions at issue, the charitable contributions by Myron Corp., were made by the S corporation and, therefore, as stipulated by the Director, ai*e deductible in calculating the corporation’s tax liability. These deductions pass through to plaintiffs in calculating their net pro rata share of the corporation’s income.
B. Whether Myron Corp.’s Charitable Contributions Were Ordinary Business Expenses.
The preceding discussion renders unnecessary consideration of plaintiffs alternative argument for deductibility of Myron Corp.’s charitable contributions, that is, that the contributions constituted ordinary business expenses. I note, however, that the Director’s reliance on N.J.A.C. 18:35-1.1(d) as establishing the criteria for deductibility may be misplaced. This regulation is applicable to deductibility of business expenses in calculating the “net profits from business” of a sole proprietorship under N.J.S.A. 54A:5-lb. See N.J.A.C. 18:35-1.1(b). Partnerships determine income or loss “in the same manner as a sole proprietorship determines ‘net profits from business’.” N.J.A.C. 18:35 — 1.3(c)(1). See also Smith v. Director, Div. of Taxation, 108 N.J. 19, 28, 527 A.2d 843 (1987) (confirming that the definition of “net profits from business” in *546 N.J.S.A. 54A:5-lb is applicable in determining partnership income).
According to the Director, the regulation is a response to, and implements, the Appellate Division’s decision in Sabino v. Director, Div. of Taxation, supra, 296 N.J.Super. 269, 686 A.2d 1197, which dealt with taxation of partnership income. S corporation income under the GIT Act is not necessarily determined in identical fashion to the determination of partnership income under the Act. “Nowhere in the legislation [relating to taxation of S corporations] (or any regulation) does it state that subchapter S corporations are to be treated as sole proprietors, unlike the regulations about partnerships and sole proprietorships.” Sidman v. Director, Div. of Taxation, 18 N.J.Tax 636, 646 (Tax 2000), aff'd, 19 N.J. Tax 484 (App.Div.2001), certif. denied, 170 N.J. 387, 788 A.2d 772 (2001). Because of the statutory distinctions between partnership taxation and S corporation taxation, a regulation setting forth the standards for deductibility of partnership expenses may or may not apply to a determination of the deductibility of S corporation expenses. I need not, and do not, decide that issue.
V.
Conclusion
Based on the preceding discussion, judgment will be entered in favor of plaintiffs and against the Director as follows:
A. vacating and setting aside the Director’s gross income tax deficiency assessment for tax year 1994; and
B. awarding plaintiffs a refund of $30,637 for tax year 1995, together with interest at the rate provided in N.J.S.A. 54:49-15.1.