32 A.3d 1133 (2011)
423 N.J. Super. 333
Daniel SCHULMANN and Debbie Schulmann, Plaintiffs-Appellants, and
UAK Management Corp.[1], and TSK Franchise Systems, Inc. (d/b/a Tiger Schulmann's Karate Center Headquarters), Plaintiffs,
v.
DIRECTOR, NEW JERSEY DIVISION OF TAXATION, Defendant-Respondent.
No. A-2089-10T3.
Superior Court of New Jersey, Appellate Division.
Submitted November 1, 2011.
Decided December 6, 2011.
*1134 Scott Craig Levenson, attorney for plaintiffs.
Paula T. Dow, Attorney General, attorney for respondent (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Ramanjit K. Chawla, Deputy Attorney General, on the brief).
Before Judges REISNER, SIMONELLI and HAYDEN.
The opinion of the court was delivered by
REISNER, J.A.D.
During the tax years 2000, 2001 and 2002, Daniel Schulmann used his personal funds to pay commissions that two S corporations, UAK Management Corp. and TSK Franchise Systems, Inc., were contractually obligated to provide to instructors at Tiger Schulmann karate schools.[2] The corporations did not report those commissions as expenses on their corporate business tax returns. Instead, Schulmann and his wife deducted the commission expenses from the S corporation income that they reported on their personal income tax returns. The Division of Taxation disallowed the deductions. In a published opinion, Judge Mala Narayanan affirmed the Director's determination. Schulmann v. Dir., Div. of Taxation, 25 N.J.Tax 573 *1135 (Tax 2011). We affirm substantially for the reasons stated in Judge Narayanan's cogent opinion. We add these comments.
As the Supreme Court recognized in Smith v. Director, Division of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987), New Jersey's Gross Income Tax Act (GIT Act) was not based on the federal Internal Revenue Code (I.R.C.), and therefore the GIT Act prohibits certain deductions that the I.R.C. allows.
We disagree that the Legislature patterned the New Jersey Gross Income Tax Act on the Internal Revenue Code. . . . The federal income tax model was rejected by the Legislature in favor of a gross income tax to avoid the loopholes available under the Code. For example, the Code taxes all income, from whatever source derived, except income expressly exempted from tax. I.R.C. § 61. On the other hand, the Gross Income Tax Act only taxes expressly identified classes of income. The Code taxes all income on a net consolidated basis. The Gross Income Tax Act taxes some income on a net basis and other income on a gross basis. The Gross Income Tax Act establishes "categories" of income against which the cross-netting of losses is barred. No such device is included in the Code.

[Ibid. (emphasis added).]
We agree with the Tax Court that Schulmann may not deduct payments made out of his S corporation income as a business expense under N.J.S.A. 54A:5-1(b) (net income from the operation of a business). Income from an S corporation is a separate income category, under N.J.S.A. 54A:5-1(p), and Schulmann cannot "cross-net" an alleged business expense against his S corporation income.
The [GIT] Act imposes taxes on distinct and separate categories of income. N.J.S.A. 54A:5-1. Since income is taxed on a category-by-category basis, the Act expressly prohibits the netting of income and losses among the different categories. N.J.S.A. 54A:5-2; Walsh v. Director, Div. of Taxation, 15 N.J. Tax 180, 184 (Tax 1995); and Marrinan v. Director, Div. of Taxation, 17 N.J.Tax 47, 51 (Tax 1997).
The Act provides only one category for the reporting of Subchapter S corporation income, N.J.S.A. 54A:5-1(p), which provides for taxation of the "[n]et pro rata share of S corporation income."
[Miller v. Dir., Div. of Taxation, 352 N.J.Super. 98, 104, 799 A.2d 660 (App. Div.2002).]
We also agree with the Tax Court that, regardless of Schulmann's reasons for paying the commissions from his own funds, he may not disregard the corporate form by taking personal deductions for paying corporate obligations. See Sidman v. Dir., Div. of Taxation, 18 N.J.Tax 636 (Tax 2000), aff'd, 19 N.J.Tax 484 (App. Div.), certif. denied, 170 N.J. 387, 788 A.2d 772 (2001). The fact that the S corporations could have taken deductions for the commissions, had they paid them, see N.J.S.A. 54A:5-10, I.R.C. § 162, and I.R.C. § 1366, does not mean that Schulmann can deduct them on his personal tax return. "`[W]hile a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not . . ., and may not enjoy the benefit of some other route he might have chosen to follow but did not.'" Gen. Trading Co. v. Dir., Div. of Taxation, 83 N.J. 122, 136, 416 A.2d 37 (1980) (quoting Comm'r v. Nat'l Alfalfa Dehydrating and Milling Co., 417 U.S. 134, 149, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717, 727 (1974)).
Affirmed.
NOTES
[1] UAK Management Corp. was also referred to as UAK Management Co., Inc. The corporate plaintiffs did not participate in the Tax Court proceedings, which only addressed the New Jersey income tax liability of Daniel and Debbie Schulmann.
[2] The somewhat complex system, in which Schulmann-trained martial arts instructors were financially encouraged to open martial arts schools and train other instructors who would, in turn, also open schools, is described in the Tax Court's opinion and need not be repeated here.